IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

AMINE MERZAKI                                                                               PLAINTIFF

v.                                                                    CIVIL ACTION NO. 1:26-CV-49-GHD-DAS

OKTIBBEHA COUNTY; et al.                                                           DEFENDANTS

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

Presently before the Court is the *pro se* Plaintiff's emergency motion for temporary restraining order [5]. Upon due consideration, the Court finds that the motion should be denied, as noted herein, because the Plaintiff has failed to meet the procedural requirements set forth in Rule 65 of the Federal Rules of Civil Procedure for the issuance of a temporary restraining order.

**Background and Procedural History**

On April 9, 2026, the Plaintiff filed a *pro se* complaint against a myriad of Defendants, sixteen in all, including Oktibbeha County, its Sheriff, two businesses, and a host of state and city employees [1]. In the complaint, the Plaintiff alleges harassment and fabrication of evidence related to his eviction from an apartment in Starkville. [1]. The Plaintiff asserts claims for Fair Housing Act discrimination, civil RICO Act violations, violations of the Telephone Consumer Protection Act, violations of the First, Fourth, and Fourteenth Amendments, and various state laws [1]. As relief, the Plaintiff seeks a declaratory judgment, compensatory damages, treble damages under RICO, statutory damages, and punitive damages [1].

The same day he filed the complaint, the Plaintiff filed the instant "Emergency Motion for Temporary Restraining Order" [5] seeking to enjoin the Defendants from a variety of activities including "pursuing eviction," "contacting Plaintiff at his residence absent a warrant," and "retaliating against Plaintiff." As of today's date, the docket reflects that none of the Defendants

have been served with the Plaintiff's complaint.

## Discussion

Federal Rule of Civil Procedure 65 governs requests for temporary restraining orders. *See* Fed. R. Civ. P. 65(b).

A temporary restraining order is a mechanism for affording relief for a limited time, when immediate and irreparable injury, loss, or damage will result to the movant before a party can be heard in opposition. *Esparza v. Bd. of Trustees*, 182 F.3d 915, 1999 WL 423109, at *2 (5th Cir. 1999) (citing FED. R. CIV. P. 65(b)). And while a temporary restraining order may be granted *ex parte*, these are disfavored and seldom granted. *Ruffin v. Turner*, No. 2:25-CV-169-TBM-RPM, 2026 WL 220912, at *2 (S.D. Miss. Jan. 27, 2026); *Evans v. Hall*, No. 4:20-cv-140-NBB-JVM, 2020 WL 5899422, at *1 (N.D. Miss. Oct. 5, 2020).

Here, the Plaintiff seeks an *ex parte* temporary restraining order without written or oral notice to the Defendants [5]. Given the strict requirements of Rule 65, the Court finds the Plaintiff's motion is deficient, and must be denied, because (1) the Plaintiff's complaint fails to adequately allege that "immediate and irreparable injury, loss, or damage will result to [the Plaintiff] before the [Defendants] can be heard in opposition;" and (2) the Plaintiff did not "certif[y] in writing any efforts made to give notice [to the defendants] and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Due to these procedural deficiencies, the Plaintiff's motion must be denied.

## Conclusion

For the above-stated reasons, the Plaintiff's emergency motion for temporary restraining order [5] is denied.

THEREFORE, it is hereby ORDERED that the Plaintiff's Emergency Motion for

2

Temporary Restraining Order [5] is DENIED.

      SO ORDERED, this, 14th day of April 2026.

 

_____

SENIOR U.S. DISTRICT JUDGE

3