**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**AMINE MERZAKI** **PLAINTIFF**

**v.** **CIVIL ACTION NO.: 1:26-CV-49-GHD-DAS**

**OKTIBBEHA COUNTY, *et al.*** **DEFENDANTS**

**ORDER**

Before the Court is Plaintiff's *pro se* Motion [43] and Correction Motion [45] to restrict documents from public access. Plaintiff seeks to restrict public access to portions of previously filed documents referencing his pending asylum application. He also requests prospective restrictions on similar information appearing in future filings. Having considered the motion, supporting memorandum, and applicable law, the Court finds the motion should be denied.

There exists a strong presumption in favor of public access to judicial records. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 602 (1978). Although Federal Rule of Civil Procedure 5.2(e) permits a court, for good cause, to restrict nonparty remote electronic access to judicial filings, such restrictions must be justified by sufficiently compelling interests and narrowly tailored to the circumstances warranting protection. *Binh Hoa Le v. Exeter Finance Corp.*, 990 F.3d 410, 418-20 (5th Cir. 2021). Courts must undertake a document-by-document, line-by-line balancing of the public's right of access against the interests favoring nondisclosure. *Id.* at 419.

Plaintiff maintains that disclosure of his pending asylum application could expose him and members of his family residing outside the United States to retaliation. In support, he relies principally on the confidentiality protections afforded asylum applicants under 8 C.F.R. § 208.6. While those regulations reflect legitimate concerns regarding the disclosure of asylum-related information, they do not automatically require the restriction of judicial records in an *unrelated* civil proceeding.

While the Court recognizes Plaintiff's concerns, he has not sufficiently demonstrated that

restricting access to each of the identified passages is necessary to protect against the asserted harm. The passages vary in substance, with some referencing only the existence of a pending asylum application and others addressing circumstances more directly related to Plaintiff's claims at issue in this civil litigation. Moreover, much of the information has already appeared in publicly accessible filings. Although prior disclosure does not necessarily foreclose prospective protection, it bears upon the necessity and effectiveness of the requested restrictions. On the present record, Plaintiff has not established that his asserted confidentiality interests outweigh the public's right of access to the identified judicial records.

The Court likewise declines to authorize blanket restrictions on future filings. Whether particular information warrants protection must be determined in light of the circumstances surrounding the filings and the competing interest implicated. The Court cannot undertake that individualized assessment with respect to documents not yet submitted for review.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Restrict Nonparty Remote Electronic Access is hereby **DENIED**.

**SO ORDERED**, this the 10th day of November, 2026.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE